IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYNQOR, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-mc-79-D-BN |
| | § | |
| VICOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Robert Logan and Jim Clark, the CEO and Sales Manager, respectively, of Kruvand Associates, Inc., have moved under Federal Rule of Civil Procedure 45 and 26 to quash subpoenas served on Logan and Clark by Vicor Corporation and for a protective order. *See* Dkt. No. 1. Vicor, in turn, has moved under Rule 45 to transfer Logan and Clark's Motion to Quash and for Protective Order to the United States District Court for the Eastern District of Texas, *see* Dkt. No. 6, and Logan and Clark have filed a response opposing transfer, *see* Dkt. No. 7. Chief Judge Sidney A. Fitzwater has referred these motions to the undersigned magistrate judge for determination. *See* Dkt. No. 3.

This action involves two subpoenas issued by the United States District Court for the Eastern District of Texas, in connection with a case pending in that court, seeking depositions at a location that is undisputedly within the Eastern District of Texas. *See* Dkt. No. 1-1; Dkt. No. 6 at 6; Dkt. No. 7 at 2, 7. Each motion invokes Rule 45, and Logan and Clark's Motion to Quash and for Protective Order also invokes Rule

26(c) as support for requesting a protective order.

But, because the underlying case is not pending in this Court and because the subpoenas notice Logan's and Clark's depositions for a location in another district, this Court has no basis or authority to address these subpoenas under Rule 26 or Rule 45. *See Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1-*2 (S.D. Ohio Apr. 18, 2014).

Rule 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending" – here, the United States District Court for the Eastern District of Texas. FED. R. CIV. P. 45(a)(2). And so the subpoenas here did. *See* Dkt. No. 1-1. Logan and Clark seek to quash those subpoenas, but Rule 45(d)(3)'s applicable provisions only allow "the court for the district where compliance is required" to quash or modify a subpoena. FED. R. CIV. P. 45(d)(3). The subpoenas served on Logan and Clark require compliance – that is, the subpoenas each notice a deposition – at a location in Plano, Texas that Logan and Clark admit lies within the Eastern District of Texas. *See* Dkt. No. 7 at 2, 7. The "court for the district where compliance is required" is therefore the United States District Court for the Eastern District of Texas, and Rule 45(d)(3)(A) and Rule 45(d)(3)(B) both require that a motion to quash or modify be filed with "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(3).

Rule 26(c)(1) likewise provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." FED. R. CIV. P. 26(c)(1). The United States

District Court for the Eastern District of Texas is, again, both the court where the underlying action is pending and the court for the district where the depositions will be taken.

Vicor asks the Court to transfer Logan and Clark's Motion to Quash and for Protective Order to the United States District Court for the Eastern District of Texas. *See* Dkt. No. 6. As authority for a transfer – as opposed to dismissal without prejudice – Vicor only generally cites Rule 45. *See id.* at 1, 7.

In response, Logan and Clark ask the Court to essentially ignore that they filed their Motion to Quash and for Protective Order in a court that is neither "the issuing court" nor "the court for the district where compliance is required" for Rule 45's purposes and is neither the court where the action is pending nor the court for the district where the depositions will be taken for Rule 26(c)'s purposes. *See* Dkt. No. 7 at 1-4. They then argue that transfer under Rule 45(f) is inappropriate because the location of the underlying litigation is not necessarily an "exceptional" circumstance requiring transfer of a subpoena-related motion. *See id.* at 4-7.

Logan and Clark's arguments turn Rule 45 on its head because, under Rule 45(d)(3), Logan and Clark's Motion to Quash and for Protective Order is not properly before this Court in the first instance. Where a motion to quash or modify is properly filed in the court for the district where compliance is required, Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f).

But this provision, by its terms, does not apply to Logan and Clark's Motion to Quash and for Protective Order because the motion was filed in a court that is neither the court where compliance is required nor the issuing court. *See id.* Rule 45(f) therefore provides no authority for this Court to transfer Logan and Clark's Motion to Quash and for Protective Order. And, even if the Motion to Quash and for Protective Order had been filed in the United States District Court for the Eastern District of Texas, Rule 45(f) would not authorize that court to transfer the motion to this Court because this Court is not "the issuing court." *Id.*

But, while Rule 45(f) provides no authority for this Court to transfer Logan and Clark's motion as Vicor requests, it matters not because Rules 45(d) and 26(c) provide no authority in the first place for this Court to hear and decide a motion to quash these subpoenas or for a protective order. Under these circumstances, there is no need to analyze whether Rule 45(f)'s "exceptional circumstances" include filing a motion to quash in a court other than, as Rule 45(d)(3) requires, in "the court for the district where compliance is required."

Logan and Clark finally rest their arguments in favor of this Court's addressing their Motion to Quash and for Protective Order on the fact that this miscellaneous action is, under Northern District of Texas Local Civil Rule 3.3, a "related case" to *SynQor, Inc. v. Cisco Systems, Inc., et al.*, No. 3:14-mc-27-M-BN (N.D. Tex.) (closed May 1, 2014), which is a miscellaneous case that Logan and Clark acknowledge is no longer pending. *See* Dkt. No. 2; Dkt. No. 7 at 1-2, 3. Logan and Clark also ask the Court to rely on the 2013 advisory committee notes to Rule 45(f). *See* Dkt. No. 7 at 5.

But Local Civil Rule 3.3 does not and cannot expand this Court's authority to act beyond – or in a manner inconsistent with – Rule 45's limitations on quashing and modifying subpoenas and Rule 26(c)'s limitations on issuing protective orders. *See generally* FED. R. CIV. P. 83(a)(1) ("A local rule must be consistent with – but not duplicate – federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075...."), 83(b) ("A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."). Local Civil Rule 3.3 does not even purport to confer on the Court jurisdiction or authority over any matter – rather, it is a rule requiring parties to provide certain information to the Court. *See* N.D. TEX. L. CIV. R. 3.3(a)-(c). And the fact that this Court decided a related case does not, in and of itself, confer on this Court authority or jurisdiction that it does not otherwise have to quash or issue a protective order as to subpoenas issued by another court and requiring compliance in another district.

Neither can the Court rely, as Logan and Clark suggest, on Rule 45(f)'s 2013 advisory committee notes as "persuasive authority supporting that Logan and Clark's Motion to Quash should be heard and resolved by the Northern District of Texas due to [this Court's] resolution of" the motion to compel in Case No. 3:14-mc-27-M-BN. Dkt. No. 7 at 5. As explained above, the question of whether this Court can hear and decide Logan and Clark's Motion to Quash and for Protective Order is not a matter governed by Rule 45(f)'s discretionary analysis, as Logan and Clark's argument presumes.

Under all the circumstances presented here, the Court concludes that dismissing Logan and Clark's Motion to Quash and for Protective Order without prejudice is the

appropriate disposition of the pending motions. Vicor Corporation's Motion to Transfer Robert Logan and Jim Clark's Motion to Quash and for Protective Order [Dkt. No. 6] is GRANTED in part insofar and DENIED in part insofar as Logan and Clark's Motion to Quash and for Protective Order [Dkt. No. 1] is DENIED without prejudice to Logan and Clark's refiling the motion in the United States District Court for the Eastern District of Texas.

Finally, the Court notes that, although some of the briefing and accompanying documents submitted in connection with Vicor Corporation's Motion to Transfer Robert Logan and Jim Clark's Motion to Quash and for Protective Order [Dkt. No. 6] were filed under seal with the Court's leave, *see* Dkt. Nos. 4 & 5, no discussion in this Memorandum Opinion and Order reveals any information that could be considered confidential information that should be sealed. The Court therefore will not file this Memorandum Opinion and Order under seal.

SO ORDERED.

DATED: June 3, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE